NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HUAJIAN WU,

                Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No. 20-72867

Agency No. A087-882-918

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2021[**]
Pasadena, California

Before: IKUTA, BENNETT, and R. NELSON, Circuit Judges.

    Petitioner Huajian Wu, a native and citizen of China, seeks review of a

Board of Immigration Appeals ("BIA") decision dismissing his appeal of the

Immigration Judge's ("IJ") denial of his application for asylum, withholding of

---

    [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT"). The BIA adopted and affirmed the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). We deny the petition.

Substantial evidence supports the agency's determination that Petitioner was not credible and thus ineligible for asylum relief and withholding of removal. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). The deception here, primarily discrepancies arising from Petitioner's visa applications, and other indications of dishonesty, is sufficient to sustain the adverse credibility determination. *See Mukulumbutu v. Barr*, 977 F.3d 924, 925–27 (9th Cir. 2020). Petitioner's requests for relief are based upon his testimony that he was persecuted on account of his Christian worship practices. Because substantial evidence supports the agency's adverse credibility finding, and the remaining evidence in the record is insufficient to establish eligibility for asylum and withholding of removal, Petitioner's requests for relief fail. *See Yali Wang*, 861 F.3d at 1009.

Petitioner testified about false information he provided to immigration authorities, including (1) his initial 2007 visa application which identified an employer for whom Petitioner never worked; and (2) a subsequent visa application in which he submitted false information—incorrect employer description similar to his prior 2007 application. The BIA reasonably assigned this inconsistency great weight because it called into question Petitioner's motive for leaving China and

2

coming to the United States. *Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010). Petitioner testified that he applied for a visa to escape persecution by the Chinese government, which he claimed did not occur until 2009. The IJ stated that Petitioner's attempted explanation for the visa discrepancies—that his 2007 visa was submitted by his employer in China for his business travel— "is where his testimony becomes implausible." The IJ considered this explanation inadequate because of the small "possibility that the intermediary hired by the [Petitioner's] company would utilize the same or a similar fictitious or erroneous employer information in the application process for the [Petitioner] to travel on behalf of his company." The explanations Petitioner advances for those inconsistencies are not "so compelling that no reasonable factfinder could find that [he] was not credible." *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009) (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)).

The IJ based the adverse credibility finding on specific, cogent reasons. *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). The IJ considered Petitioner's testimony in response to questions "evasive" and his explanations "suspicious" and stated that his answers to repeated questions had "slight variances" and that "[t]hese variances are inconsistencies." For example, in response to clarifying questioning by the IJ, Petitioner initially testified that his company hired intermediaries to complete visa applications "most of the time" because doing

3

them itself would be expensive. Then Petitioner stated that his company hired intermediaries every time he was required to apply for a visa for travel. After that, Petitioner stated that he filled out the application "sometimes." Next, Petitioner stated that he "never" filled out visa applications but sometimes signed them. Petitioner's multiple inconsistencies "cast[] doubt on his credibility and the rest of his story." *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011).

Petitioner's CAT claim was based on the same underlying testimony that the agency found not credible. *See Shrestha*, 590 F.3d at 1048–49. Petitioner points to his purported arrest and beating by the Chinese police in 2009, as well as follow-up attempts by the police to surveil his whereabouts, which testimony the agency did not find credible. However, an adverse credibility determination does not necessarily mean a CAT protection claim fails. *Kamalthas v. INS*, 251 F.3d 1279, 1282–83 (9th Cir. 2001). "Rather, in determining whether a petitioner will more likely than not be tortured if returned to his or her home country, 'all evidence relevant to the possibility of future torture shall be considered.'" *Id.* (quoting 8 C.F.R. § 1208.16(c)(3)). Nothing in the record shows that the agency "neglected to consider all of the evidence before it." *Garcia v. Holder*, 749 F.3d 785, 792 (9th Cir. 2014). Petitioner's documentary evidence includes a bail receipt, detention notice, and letter from Petitioner's wife and pastors. But Petitioner does not argue that this evidence independently establishes torture.

4

Thus, this evidence does not compel the conclusion that the Chinese government is more likely than not to torture him if he returns to China. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).

**PETITION DENIED.**